**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| MINDY TARPLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-CV-166-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

# ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

*Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Mindy Fulcher Tarpley filed an application for disability insurance benefits on March 18, 2013 alleging that she became disabled to work on September 1, 2011. Tr. 22. She previously filed a claim for benefits on March 21, 2006, that was denied on June 2, 2006. Tr. 73. After her current claim was denied, both initially and on reconsideration, she requested an evidentiary hearing before an administrative law judge (ALJ) which was held on July 13, 2015. Tr. 36. Plaintiff appeared, with her attorney, and testified, as did her husband and an impartial vocational expert (VE). *Id*. The ALJ issued an unfavorable decision denying her claim on August 3, 2015. Tr. 19-33. Plaintiff sought review by the Appeals Council on September 15, 2015, but her request was denied on November 9, 2016. Tr. 17-18, 1-9. Plaintiff has exhausted the administrative remedies available to her under the Social Security Act and now seeks judicial review of the Commissioner's final decision to deny her claim.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was thirty-one years old at the time when, she claims, she became disabled. She has a high school education and the record does not reflect any past relevant work. Tr. 28. In her brief before this Court, she alleges that the ALJ gave inadequate weight to the opinion of her treating physician, discounted her credibility without good cause, and failed

4

to sufficiently evaluate the limitations imposed on her ability to work as a result of her obesity. Pl. Br. 2, ECF No. 11. In response, the Commissioner contends that there is, in fact, substantial evidence supporting the ALJ's determination that Plaintiff is not disabled. Comm'r's Br. 3, ECF No. 12.

## DISCUSSION

Edward J. Fisher was Plaintiff's treating psychiatrist from June 1, 2011, through June 17, 2015. Tr. 904. On June 30, 2015, Dr. Fisher completed a mental residual functional capacity (RFC) assessment which included extensive and detailed notes about Plaintiff's mental impairments and the specific functional limitations resulting from them. His findings and conclusions are significantly more limiting than the RFC formulated by the ALJ. Ex. 18F, Tr. 904-10.

The ALJ afforded only little weight to Dr. Fisher's mental RFC assessment. He did so stating first that two years previously, in May of 2013, Plaintiff reported the ability to prepare food, wash dishes, shop, and read. Next, he referenced an examination at that same time that characterized Plaintiff as "friendly," attentive without distraction, and with logical thought processes. Third, he noted that a physician's assistant at a gastroenterology practice found Plaintiff to be "mildly anxious" with normal memory and judgement. Tr. 27. However, the ALJ provided no further explanation or rationale for giving the assessment made by Dr. Fisher, a treating specialist of over four years, only little weight. This is not substantial evidence. *Mills v. Astrue,* 226 F. App'x 926 (11th Cir. 2007).

Dr. Fisher is a treating specialist in psychiatry with a longitudinal record of care that is substantial. His report is thorough, detailed, and specific. The ALJ's articulated reasons

5

for rejecting it are cursory at best. Although he purported to give greater weight to the opinions of a one-time examiner and state agency reviewers, he did not rely on those conclusions to discount Dr. Fisher's findings. *Id.* at 931; *see* 20 C.F.R. § 404.1527(d)(2)-(5).

Therefore, remand is required for the Commissioner to further develop the record as to the weight Dr. Fisher's findings should be given and the reasoning behind that conclusion. Because the Court finds that Plaintiff's first claim of error is meritorious and remand is required, the remaining two asserted errors are not addressed in this opinion. Nonetheless, the Commissioner may choose to address Plaintiff's other assertions as she finds prudent.

**CONCLUSION**

For the reasons stated above, this case is remanded for further administrative proceedings as directed herein.

SO ORDERED, this 11th day of October, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE